**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **HENRY WATKINS SKINNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No. 2:09-CV-00281** |
| | ) | |
| **LYNN SWITZER, District Attorney for the 31st Judicial District of Texas,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Henry W. Skinner moves for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Plaintiff files concurrently with this motion a brief in support (the "Brief").

As set out fully in the Complaint and Brief, Plaintiff complains that Defendant Lynn Switzer's continued refusal to release the biological evidence for testing violates his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff submits that he has set forth in the Brief a substantial likelihood of success on the merits, that he will be irreparably harmed if an injunction is not issued, that the threatened injury outweighs any damage that the injunction may cause on the Defendant, and that an injunction will not disserve the public interest.

Because a preliminary injunction presents no monetary risk to the Defendant, Plaintiff requests that no security be posted by Plaintiff pursuant to Fed. R. Civ. P. 65(c). Plaintiff will

bear the financial cost of DNA testing. Nor will there be any cost to the State, as the timely entry of a preliminary injunction will not alter Plaintiff's scheduled February 24, 2010 execution date.

For the reasons set for in the Brief, Plaintiff respectfully requests of this Court a preliminary injunction declaring that Defendant's continued withholding of the evidence violates his constitutional rights and requiring Defendant to release the evidence enumerated in the Complaint's Prayer for Relief to Mr. Skinner in order that such evidence can be subjected to forensic DNA testing. Attached to this motion is a proposed order that sets forth appropriate conditions regarding chain of custody and preservation of the evidence.

Respectfully submitted,

ROBERT C. OWEN*
Texas Bar No. 15371950
Owen & Rountree, L.L.P.
P.O. Box 40428
Austin, Texas 78704
Phone: (512) 804-2661
Fax: (512) 804-2685
robowenlaw@gmail.com

* Member of the Bar of the N.D. Tex. (motion to proceed without designation of local counsel pending)

DOUGLAS G. ROBINSON†
D.C. Bar No. 10850
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Phone: (202) 371-7800
Fax: (202) 371-7168
douglas.robinson@skadden.com

MARIA CRUZ MELENDEZ†
N.Y. Bar No. 4528378
Four Times Square
New York, NY 10036-6522
Phone: (212) 735-2435
Fax: (212) 735-2000
maria.cruzmelendez@skadden.com

† Pending admission *pro hac vice*

*Counsel for Plaintiff*

Dated: November 30, 2009

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **HENRY WATKINS SKINNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 2:09-CV-00281** |
| | ) | |
| **LYNN SWITZER, District Attorney for the 31st Judicial District of Texas,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On this ___ day of December, 2009, there came on to be considered Plaintiff's Motion for Preliminary Injunction. On the basis of the submissions and oral presentations by counsel for both parties, the Court finds and concludes that Defendant has withheld certain biological evidence from Plaintiff in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution. As a consequence thereof, it is ordered that:

1. Within 3 business days of the date of this Order, Defendant and counsel for Plaintiff shall meet to identify and collect the following items of evidence and to jointly arrange for their testing in accordance with the procedures set forth below: (1) the knife found on the front porch of the victims' home, identified at trial as State's Exhibit 53A and believed to be in the possession of the 31st Judicial District Court of Texas; (2) the knife found in a black plastic bag, identified at trial as Defense Exhibit 4 and believed to be in the possession of said court; (3) the dish towel, sometimes referred to as a cup towel, found in the same black plastic bag, identified at trial as State's Exhibit 108 and believed to be in the possession of said court; (4) the windbreaker jacket found on the living room floor, near Twila Busby's body (including any hairs or other biological material found thereon), not identified at trial but believed to be in the possession or under the control of Defendant; (5) vaginal swabs taken from Twila Busby at her autopsy and contained in a Dalchem rape kit, not identified at trial but believed to be in the possession or under the control of Defendant; (6) fingernail scrapings

and clippings taken from Ms. Busby at her autopsy, not identified at trial but believed to be in the possession or under the control of Defendant; (7) all hairs found in the hands of Twila Busby, believed to be in the possession or under the control of Defendant; (8) a sample of the blood of Plaintiff, believed to be in the possession or under the control of Defendant; (9) a sample of the blood of Twila Busby, believed to be in the possession or under the control of Defendant; (10) a sample of the blood of Elwin Caler, believed to be in the possession or under the control of Defendant; and (11) a sample of the blood of Randolph Busby, believed to be in the possession or under the control of Defendant.

2. At the meeting referred to in paragraph 1, the parties shall jointly arrange for the foregoing evidence to be packaged and handled before, during and after the testing process so as to protect the integrity of the evidence and the testing process. Counsel for Plaintiff shall also provide Defendant at said meeting with the name(s) and address(es) of an accredited laboratory or laboratories selected by Plaintiff for forensic DNA testing of the items identified in paragraph 1. Defendant shall then promptly ship such evidence to such laboratory or laboratories as Plaintiff shall select, using the shipping method arranged by Plaintiff at his sole expense. The chain of custody shall be maintained in a manner mutually acceptable to the parties.

3. Plaintiff shall arrange with said laboratory or laboratories for the testing of such items as expeditiously as possible, at Plaintiff's sole expense. Only the minimum amount of material for adequate DNA testing shall be used. Defendant may, at the State's expense, arrange for a scientific expert of her choice to observe said testing and/or perform replicate testing. Plaintiff shall also arrange that the test results be reported simultaneously to Plaintiff and Defendant.

4. If there is a dispute between the parties with respect to any of the matters set forth in this Order, they shall immediately bring the dispute to the attention of the Court for resolution.

______________________________

United States District Judge

**CERTIFICATE OF CONFERENCE**

On November 25, 2009, I conferred by telephone with Defendant Lynn Switzer regarding the foregoing Motion for Preliminary Injunction. Ms. Switzer advised Mr. Robinson that, at the present time, she is opposing the motion.

/s Douglas G. Robinson
Douglas G. Robinson

**CERTIFICATE OF SERVICE**

On November 30, 2009, I electronically submitted the foregoing document to the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s Douglas G. Robinson
Douglas G. Robinson