IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVIISION

| | | |
|---|---|---|
| HENRY WATKINS SKINNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:09-CV-00281 |
| | § | |
| LYNN SWITZER, District Attorney for | § | |
| the 31st Judicial District of Texas, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS AND SUPPORTING BRIEF

Respectfully submitted,

SPROUSE SHRADER SMITH P.C.
Mark D. White, Texas State Bar No. 21317900
Lee Ann Reno, Texas State Bar No. 00791509
701 S. Taylor, Suite 500 (79101)
P.O. Box 15008
Amarillo, Texas  79105-5008
(806) 468-3300; (806) 373-3454 fax


/s/ Mark D. White
Mark D. White

**ATTORNEYS FOR DEFENDANT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... iii

I.   Background. ................................................................................................... 1

II.  Plaintiff's alleged grounds for jurisdiction are incorrect. ............................. 3

III. This Court should dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. ......................................................................................... 4

IV. Additionally, or in the alternative, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim upon which relief may be granted. ........................................................... 7

V.   Additionally, or in the alternative, Plaintiff's claims are barred by 28 U.S.C. § 1738.9

VI. Additionally, or in the alternative, Plaintiff's claims are barred pursuant to 28 U.S.C. § 2244. .......................................................................................................... 11

VII. Attorneys' fees. ........................................................................................... 11

VIII.   Conclusion. ............................................................................................. 11

Prayer ................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**

*Commercial Metals Co. v. Balfour, Guthrie, & Co., Ltd.*, 577 F.2d 264 (5th Cir. 1978) .............. 3

*Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458 (1981) ................................... 7

*District Attorney's Office for the Third Judicial District v. Osborne*, --- U.S. ----, 129 S.Ct. 2308 (2009).................................................................................................... 7, 8

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) ................................. 5, 6

*Edwards v. Balisok*, 520 U.S. 641 (1997).................................................................. 7, 9

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) ......................................... 5

*Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773 (5th Cir. 1984) .............................. 10

*Hale v. Harney*, 786 F.2d 688 (5th Cir. 1986)........................................................... 5

*Heath v. Thomas*, No. 3:99-CV-2277-D, 2009 WL 1979357 (N.D. Tex. July 2, 2009) ............... 8

*Heck v. Humphrey*, 512 U.S. 477 (1994)................................................................ 7, 9

*Howell v. Supreme Court of Texas*, 885 F.2d 308 (5th Cir. 1989) ................................. 5

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) ................................................. 4

*Jordaan v. Hall*, 275 F. Supp. 2d 778 (N.D. Tex. 2003) .................................................. 5

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) .................................. 4

*Kremer v. Chemical Constr. Corp.*, 456 U.S. 461 (1982) ........................................... 10

*Kutzner v. Montgomery County*, 303 F.3d 339 (5th Cir. 2002) ....................................... 8

*Liedtke v. State Bar of Texas*, 18 F.3d 315 (5th Cir. 1994), *cert. denied*, 513 U.S. 906 (1994). 5, 6

*Musslewhite v. State Bar of Texas*, 32 F.3d 942 (5th Cir. 1994) ................................. 6

*Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518 (1986)................................... 9

*Paz v. City of Houston, Tex.*, 748 F. Supp. 480 (S.D. Tex. 1990) ................................. 10

*Pennsylvania v. Finley*, 481 U.S. 551 (1987) ........................................................... 8

*Preiser v. Rodriguez*, 411 U.S. 475 (1973)............................................................................. 7, 9

*Reed v. Terrell*, 759 F.2d 472 (5th Cir. 1985).............................................................................. 6

*Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345 (5th Cir. 2003) ......................... 6

*Richards v. District Attorney's Office*, No. 09-10144, 2009 WL 4716025 (5th Cir. Dec. 10, 2009 (per curiam)......................................................................................................................... 8

*Rivera v. State*, 89 S.W.3d 55 (Tex. Crim. App. 2002) ................................................................ 8

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)...................................................................... 5

*Skinner v. Quarterman*, 528 F.3d 336 (5th Cir. 2008)............................................................ 2, 11

*Skinner v. Quarterman*, 576 F.3d 214 (5th Cir. 2009)............................................................... 2

*Skinner v. Quarterman*, No. 2:99-CV-0045, 2007 WL 1953503 (N.D. Tex. Jul. 2, 2007)...... 2, 10

*Skinner v. Quarterman*, No. 2:99-CV-0045, 2007 WL 582808 (N.D. Tex. Feb. 22, 2007)........... 2

*Skinner v. State*, 122 S.W.3d 808 (Tex. Crim. App. 2003)......................................................... 1

*Skinner v. State*, 293 S.W.3d 196 (Tex. Crim. App. 2009)..................................................... 3, 10

*Skinner v. State*, 956 S.W.2d 532 (Tex. Crim. App. 1997), *cert. denied*, 523 U.S. 1079 (1998)... 1

*Sugenta Crop Protection, Inc. v. Henson*, 537 US 28 (2002)...................................................... 3

*U.S. v. Shepherd*, 23 F.3d 923 (5th Cir. 1994)........................................................................... 6

*Watkins v. State*, 155 S.W.3d 631 (Tex. App.—Texarkana 2005, no pet.) ................................. 8

*Wilkinson v. Dotson*, 544 U.S. 74 (2005) ............................................................................... 8, 9

*Wolff v. McDonnell*, 418 U.S. 539 (1974) ................................................................................. 9

**Statutes**

28 U.S.C. § 1257............................................................................................................... 5

28 U.S.C. § 1331............................................................................................................ 3, 4

28 U.S.C. § 1343............................................................................................................ 3, 4

28 U.S.C. § 1651............................................................................................................... 3

28 U.S.C. § 1738........................................................................................................... 9, 11

28 U.S.C. § 1919 ......................................................................................................... 11

28 U.S.C. § 2201 ........................................................................................................... 3

28 U.S.C. § 2202 ........................................................................................................... 3

28 U.S.C. § 2244 ......................................................................................................... 11

42 U.S.C. § 1983 ....................................................................................................... 3, 9

42 U.S.C. § 1988(b) ................................................................................................... 11

**Other Authorities**
Chapter 64 of the Texas Code of Criminal Procedure .................................................. 4

**Rules**
Federal Rule of Civil Procedure 12(h)(3) ..................................................................... 4

TO THE HONORABLE COURT:

Defendant Lynn Switzer, District Attorney for the 31st Judicial District of Texas, moves to dismiss Plaintiff Henry Watkins Skinner's ("Plaintiff") Complaint in its entirety on the grounds that this Court lacks subject matter jurisdiction, it fails to state a claim upon which relief can be granted, it is barred by res judicata and/or it is an improper successive habeas petition.

I.    Background.

Plaintiff was convicted of capital murder for the murders of his girlfriend, Twila Busby, and her two sons, Elwin Caler and Randy Busby, in the 31st District Court, Gray County, Texas in 1995 and sentenced to death. The conviction and sentence were upheld by the Texas Court of Criminal Appeals. *Skinner v. State*, 956 S.W.2d 532 (Tex. Crim. App. 1997), *cert. denied*, 523 U.S. 1079 (1998). Plaintiff filed a state application for writ of habeas corpus in 1998 that the Court of Criminal Appeals dismissed based upon the trial court's determination that it was untimely filed. Plaintiff filed an initial federal habeas petition in this Court in 1999 that was administratively closed in 2000, and stayed so that Plaintiff could return to state court to present his habeas claims after a change in Texas law. Plaintiff filed his second state habeas application in 2001 that the Court of Criminal Appeals dismissed on the basis that there was a pending federal petition.

Plaintiff filed a motion to obtain post-conviction DNA testing in the 31st District Court, Gray County, Texas on October 9, 2001. *See Plaintiff's Complaint, ECF Doc. No. 1, p. 8, ¶ 22.*[1] The 31st District Court denied the motion and the Court of Criminal Appeals affirmed the decision. *Skinner v. State*, 122 S.W.3d 808 (Tex. Crim. App. 2003).

---

[1] Plaintiff's Complaint will hereafter be cited as "*PC*" with the corresponding page number and paragraph.

Plaintiff filed another federal habeas petition in this Court in 2002. In connection with his federal habeas petition, Plaintiff "filed a motion contending that [additional] DNA testing was necessary in order for Plaintiff to prove that he had been prejudiced by his counsel's failure to ask for the testing prior to trial." *See PC, p. 10, ¶ 26.* On May 18, 2004, United States Magistrate Judge Averitte denied the request for additional DNA testing. *Id.* On August 15, 2005, Plaintiff renewed his motion for additional DNA testing; and Magistrate Judge Averitte again denied the motion on October 4, 2005. *Id.* Also in connection with Plaintiff's 2002 federal habeas petition, this Court partially granted Plaintiff's motion for discovery and allowed a deposition to be taken, and in November 2005 held an evidentiary hearing. Both parties filed post-hearing briefs and reply briefs.

Magistrate Judge Averitte issued a Report and Recommendation recommending that Plaintiff's 2002 application for a writ of habeas corpus be denied, finding that Plaintiff failed to make a substantial showing of the denial of a federal constitutional right on any of his claims. *Skinner v. Quarterman*, No. 2:99-CV-0045, 2007 WL 582808, at *43 (N.D. Tex. Feb. 22, 2007) (Robinson, J.). United States District Judge Robinson adopted the recommendations of Magistrate Judge Averitte. *Id.* at *1. This Court then denied Plaintiff's application for certificate of appealability. *Skinner v. Quarterman*, No. 2:99-CV-0045, 2007 WL 1953503 (N.D. Tex. Jul. 2, 2007) (Robinson, J.). The Fifth Circuit granted the certificate of appealability in part and denied in part. *Skinner v. Quarterman*, 528 F.3d 336 (5th Cir. 2008). The Fifth Circuit ultimately affirmed. *Skinner v. Quarterman*, 576 F.3d 214 (5th Cir. 2009), *petition for cert. filed.*

Plaintiff filed a second motion to obtain post-conviction DNA testing in the 31st District Court, Gray County, Texas on July 30, 2007. *See PC, p. 11, ¶ 28.* The 31st District Court also

denied the second motion and the Court of Criminal Appeals affirmed the decision. *Skinner v. State*, 293 S.W.3d 196 (Tex. Crim. App. 2009).

Plaintiff filed this action on November 27, 2009. Although dressed in constitutional terms, the gravamen of Plaintiff's Complaint is that he seeks post-conviction DNA testing—a request he has already made and been denied.

II.    Plaintiff's alleged grounds for jurisdiction are incorrect.

Plaintiff has alleged that this Court has jurisdiction over this matter pursuant to six different statutes—28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1343 (civil rights); 28 U.S.C. § 1651; 28 U.S.C. § 2201 (declaratory judgment); 28 U.S.C. § 2202 (further relief based on declaratory judgment); and 42 U.S.C. § 1983 (civil rights). *See PC, p. 2, ¶ 3.* Of these six statutes, four do not confer subject matter jurisdiction at all. Only 28 U.S.C. §§ 1331 and 1343 are jurisdictional statutes.

28 U.S.C. § 1651, known as the "All Writs Act," empowers district courts to issue writs necessary in aid of their respective jurisdiction. But this is not a grant of original jurisdiction. *Sugenta Crop Prot., Inc. v. Henson*, 537 US 28, 31, 123 S.Ct. 366, 369 (2002).

28 U.S.C. §§ 2201 and 2202 create a remedy for litigants in certain cases within the district court's jurisdiction. Again, these statutes do not grant original jurisdiction. *Commercial Metals Co. v. Balfour, Guthrie, & Co., Ltd.*, 577 F.2d 264, 266 (5th Cir. 1978).

42 U.S.C. § 1983 is the statute that protects individual's civil rights, but does not, in and of itself, grant original jurisdiction to the district court. Rather, 28 U.S.C. § 1343 is the jurisdiction-granting statute for civil rights claims.

However, for the reasons discussed below, there is no federal question or cognizable claim under § 1983 in this case. Plaintiff is therefore incorrect to claim jurisdiction exists under 28 U.S.C. §§ 1331 or 1343.

III.   This Court should dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Plaintiff's Complaint is simply an improper attempt to collaterally attack state-court decisions. Plaintiff seeks post-conviction DNA testing of items at the crime scene. The items Plaintiff seeks to test were available for testing at the time of Plaintiff's trial. In fact, some items were subject to DNA testing while others were not, even though available.

Chapter 64 of the Texas Code of Criminal Procedure provides an avenue in Texas for convicted prisoners to obtain post-conviction DNA testing of biological material in certain circumstances. Plaintiff pursued such avenue to obtain post-conviction DNA testing by filing two separate motions in the 31st Judicial District Court of Texas, and such testing was denied, with the denials upheld by the Texas Court of Criminal Appeals. Plaintiff's recourse for the denial of his state-court motions for post-conviction DNA testing is solely through the United States Supreme Court, not this Court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal Rule of Civil Procedure 12(h)(3) requires the Court to dismiss an action if it determines that it lacks jurisdiction over the subject matter.

"Federal district courts have no authority to review final determinations of a state court." *Howell v. Supreme Court of Texas*, 885 F.2d 308, 311 (5th Cir. 1989). Authority to review state-court judgments is vested solely in the United States Supreme Court. 28 U.S.C. § 1257. The firmly-established *Rooker-Feldman* doctrine prevents Plaintiff from obtaining relief in this Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). That doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *See id.*; *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994), *cert. denied*, 513 U.S. 906 (1994). "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented ... are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (Kinkeade, J.) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

The *Rooker-Feldman* doctrine precludes a federal district court from proceeding in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). This is precisely what Plaintiff seeks in this case—after losing on his motions to obtain further DNA testing in state court, he is inviting this Court to rule on the same issue and potentially improperly reverse, null or modify the state court judgments. Indeed, Plaintiff offers specific criticisms of the Texas Court of Criminal Appeals' opinions in his Complaint. *See PC, pp. 8-9, ¶¶ 23 & 25.*

Further, constitutional questions that arise in state court proceedings are to be resolved by the state courts; and recourse at the federal level thereafter is limited to an application for a writ of certiorari to the United States Supreme Court. *Liedtke*, 18 F.3d at 317. This rule cannot be circumvented by casting a complaint in the form of a civil rights action. *Id.*; *Reed v. Terrell*, 759 F.2d 472, 473 (5th Cir. 1985) ("Although the complaint is cast as an action seeking redress for civil rights violations, the essential relief sought is review and reversal of the state court's judgments against Plaintiffs."); *Musslewhite v. State Bar of Texas*, 32 F.3d 942, 946 (5th Cir. 1994) ("The federal courts do not have subject matter jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Plaintiff has simply disguised the same request he made in state court as a civil rights complaint in this Court, and is asking for the same relief.

A review of the Plaintiff's pleadings and arguments in this case reveals that this suit is "inextricably intertwined" with the state court's judgments. *Reed*, 759 F.2d at 473 -74 (citing *Feldman*, 460 U.S. at 483, n.16). This Court is in essence being improperly called upon to review the state-court decisions that have already denied Plaintiff the exact relief he currently seeks. *See U.S. v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (footnote omitted). The Fifth Circuit has determined that issues are "inextricably intertwined" when a plaintiff casts a complaint in the form of a civil rights action simply to circumvent the *Rooker-Feldman* rule. *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 351 (5th Cir. 2003) (citing *Liedtke*, 18 F.3d at 317).

This Court should therefore dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

IV.    Additionally, or in the alternative, Plaintiff's Complaint should be dismissed
       pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to
       state a claim upon which relief may be granted.

Plaintiff is essentially attempting to attack the fact of his confinement. Habeas corpus is

the exclusive means for prisoners to attack the fact or duration of their confinement. *Preiser v.*

*Rodriguez*, 411 U.S. 475, 489-90 (1973). Plaintiff's ultimate goal is to have his conviction

overturned or his sentenced reduced. *See PC, pp. 12-13, ¶¶ 33 & 35.* Plaintiff has attempted to

achieve his goal through multiple attempts in Texas courts and this Court. Plaintiff's claims

necessarily imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Although the *Heck* opinion involved a bar to claims for monetary damages, a dismissal of a

claim for injunctive relief and for declaratory relief may also be made pursuant to *Heck.* *See*

*Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Plaintiff's claims are therefore barred and should

be dismissed. *Heck*, 512 U.S. at 487.

There is no substantive due process right to post-conviction DNA evidence. *District*

*Attorney's Office for the Third Judicial District v. Osborne*, --- U.S. ----, 129 S.Ct. 2308, 2322

(2009). Additionally, Plaintiff—being proved guilty after a fair trial—does not have the same

liberty interest as a free man. *Id.* at 2320. "Given a valid conviction, the criminal defendant has

been constitutionally deprived of his liberty." *Id.* (quoting *Connecticut Bd. of Pardons v.*

*Dumschat*, 452 U.S. 458, 459 (1981)). Plaintiff's due process rights are not parallel to a trial

right, and are instead analyzed in light of the fact that he has already been found guilty at a fair

trial. *Id.* After being found guilty, Plaintiff has only a limited interest in post-conviction relief.
*Id.*

Texas has flexibility in deciding what procedures are needed in the context of post-

conviction relief. *Id.* Due process does not dictate the exact form that states must follow when

choosing to offer the possibility of relief from convictions. *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 559 (1987). Only if a state's post-conviction relief procedures are fundamentally inadequate to vindicate the substantive rights provided may they be upset. *Id.* Texas's statutory requirement that testing results be exculpatory is not met if the DNA evidence would "merely muddy the waters." *Watkins v. State*, 155 S.W.3d 631, 633 (Tex. App.—Texarkana 2005, no pet.). Instead, the evidence must tend to prove the defendant's innocence. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Plaintiff does not—and cannot—claim that even if the items he is requesting to be tested were in fact tested, that the testing would tend to prove his innocence.

Additionally, "the Fifth Circuit has held that a claim to compel the release of biological evidence for DNA testing is only cognizable in a habeas corpus action and may not be brought as a § 1983 action." *Heath v. Thomas*, No. 3:99-CV-2277-D, 2009 WL 1979357, at *3 (N.D. Tex. July 2, 2009) (Fitzwater, C.J.) (citing *See Kutzner v. Montgomery County*, 303 F.3d 339, 341 (5th Cir. 2002). Even more recently—as Plaintiff points out, *See Plaintiff's Notice of Recent Relevant Authority, ECF Doc. No. 23*[2]—a Fifth Circuit decision once again determined that a prisoner's claims to obtain certain post-conviction biological evidence for DNA testing are not cognizable under § 1983. *Richards v. District Attorney's Office*, No. 09-10144, 2009 WL 4716025 (5th Cir. Dec. 10, 2009) (per curiam).

Plaintiff believes that *Wilkinson v. Dotson*, 544 U.S. 74 (2005) "undermines *Kutzner's* rationale." *See Plaintiff's Notice of Recent Relevant Authority, ECF Doc. No. 23, p. 3. Dotson* presented a completely different factual scenario than the case presently before the Court and the

---

[2] Interestingly, before the due date for responsive pleadings from the Defendant, Plaintiff also "suggested" to this Court that it should screen Plaintiff's case under 28 U.S.C. § 1915A. *Plaintiff's Notice of Recent Relevant Authority, ECF Doc. No. 23, p. 4.* Plaintiff essentially admitted that its own suit should be dismissed and wanted to "speed up the process" in order to appeal to the Fifth Circuit.

question in *Wilkinson* was whether a claim that state parole procedures violate the Federal Constitution may be brought under 42 U.S.C. § 1983. Justice Breyer recognized in *Dotson* that the United States Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of confinement." *Id.* at 78 (citing *Preiser*, 411 U.S. at 489). Plaintiff cannot deny that his goal is to challenge the fact or duration of his confinement—in light of the fact that Plaintiff's goal is to "obtain reversal of his conviction and/or obtain a pardon or reduction of his sentence." *See PC, pp. 12-13, ¶¶ 33 & 35.*

Additionally, in *Dotson*, Justice Breyer analyzed *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Heck v. Humphrey*, 512 U.S. 477 (1994); and *Edwards v. Balisok*, 520 U.S. 641 (1997) and stated:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Dotson*, 544 U.S. at 81-82 (emphasis in original).

Plaintiff's request to subject evidence from the crime scene—that was available for Plaintiff to test at the time of trial—to DNA testing is the first step to overturning or reducing his sentence. It necessarily follows that Plaintiff's action is an attempt to ultimately demonstrate the invalidity of his confinement or its duration and is thus not cognizable under § 1983.

V.    Additionally, or in the alternative, Plaintiff's claims are barred by 28 U.S.C. § 1738.

Under 28 U.S.C. § 1738, federal courts must "give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986). As previously discussed, Plaintiff pursued the post-conviction DNA testing that he seeks through Texas courts and was denied. He is therefore precluded from

bring the same claim in this Court. In *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461 (1982), the United States Supreme Court held, "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the state from which the judgment is taken." *Id.* at 462.  Under Texas law the doctrine of res judicata is a broader concept than that of collateral estoppel. *Paz v. City of Houston, Tex.*, 748 F. Supp. 480, 486 (S.D. Tex. 1990) (Rainey, J.).  The Fifth Circuit in *Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773 (5th Cir. 1984), held that res judicata precludes any claim which might have been brought with "due diligence" in the original proceeding. *Id.* at 776.

The Texas Court of Criminal Appeals, in its decision denying Plaintiff's second motion for post-conviction DNA testing, stated that:

> [I]f trial counsel declined to seek testing as a matter of reasonable trial strategy, then post-trial testing would not usually be required by the interests of justice. To hold otherwise would allow defendants to "lie behind the log" by failing to seek testing because of a reasonable fear that the results would be incriminating at trial but then seeking testing after conviction when there is no longer anything to lose.

*Skinner v. State*, 293 S.W.3d 196 (Tex. Crim. App. 2009, *petition for cert. filed.*

This Court has already opined—in evaluating Plaintiff's prior habeas petition claiming that his trial counsel was ineffective in having additional items undergo DNA testing—that "the decision not to have additional DNA testing conducted was a matter of sound trial strategy and was reasonable under all of the facts and circumstances." *Skinner v. Quarterman*, No. 2:99-CV-0045, 2007 WL 1953503, at *3 (N.D. Tex. July 2, 2007) (Robinson, J.).  The Fifth Circuit has stated that "[c]onducting its own DNA test [on the crime scene evidence not tested by the state]

would also have deprived the defendant of its primary argument at trial that the government conducted a shoddy investigation." *Skinner v. Quarterman*, 528 F.3d 336, 341 (5th Cir. 2008).

Plaintiff has had multiple "bites at the apple" in this case and could have previously asserted his current claims if he had used "due diligence." Plaintiff's claims are thus barred under 28 U.S.C. § 1738.

VI.   Additionally, or in the alternative, Plaintiff's claims are barred pursuant to 28 U.S.C. § 2244.

As discussed above, Plaintiff has already pursued a federal habeas petition and failed. Although his prior habeas petition did not assert the exact claims Plaintiff now asserts, his prior habeas petition was substantially similar because Plaintiff claimed a constitutional violation based on his trial counsel's failure to have additional items from the crime scene subject to DNA testing. Plaintiff failed to comply with the statutory requirements for filing a successive habeas petition and this action should therefore be dismissed. 28 U.S.C. § 2244(b)(3-4).

VII.   Attorneys' fees.

Defendant requests that she be awarded her attorneys' fees pursuant to 42 U.S.C. § 1988(b) and/or 28 U.S.C. § 1919.

VIII.   Conclusion.

All of the claims asserted by Plaintiff relate to obtaining post-conviction DNA testing and are clearly a collateral attack on the judgments of the 31st District Court and the Texas Court of Criminal Appeals—Texas courts that have twice denied Plaintiff's motions to obtain such testing. Plaintiff's claims should therefore be dismissed because this Court lacks jurisdiction under the *Rooker-Feldman* doctrine.

Additionally, or in the alternative, Plaintiff's claims are barred because they necessarily imply the invalidity of his conviction; and habeas corpus is the exclusive means for such an

attack and his claims are not cognizable under § 1983.  Plaintiff's claims are therefore barred and should be dismissed.

Additionally, or in the alternative, this Court should dismiss Plaintiff's Complaint on res judicata grounds or on the grounds that it is an improper successive habeas petition.

<u>Prayer</u>

WHEREFORE, Defendant Switzer prays that this Court grant her Motion to Dismiss, dismiss all of Plaintiff's claims against her, award Defendant her attorneys' fees, and order such other and further relief as the Court deems just and necessary.

Respectfully submitted,

SPROUSE SHRADER SMITH P.C.
Mark D. White, Texas State Bar No. 21317900
Lee Ann Reno, Texas State Bar No. 00791509
701 S. Taylor, Suite 500 (79101)
P.O. Box 15008
Amarillo, Texas  79105-5008
(806) 468-3300; (806) 373-3454 fax


/s/ Mark D. White
Mark D. White

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2009, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept service of this document by electronic means. The following attorneys will be notified of the filing of this document as follows:

**Attorneys for Plaintiff:**

Robert C. Owen
OWEN & ROUNDTREE, L.L.P.
P.O. Box 40428
Austin, Texas 78704

Douglas G. Robinson
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111

Maria Cruz Melendez
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522

/s/ Mark D. White
Mark D. White

565236_1.DOC 7158.1