IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVIISION

| | | |
|---|---|---|
| HENRY WATKINS SKINNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:09-CV-00281 |
| | § | |
| LYNN SWITZER, District Attorney for | § | |
| the 31st Judicial District of Texas, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S
<u>MOTION TO DISMISS</u>**

TO THE HONORABLE COURT:

Defendant Lynn Switzer, District Attorney for the 31st Judicial District of Texas, files this Reply Brief in Support of Defendant's Motion to Dismiss as follows:

I.   <u>The *Rooker-Feldman* Doctrine Bars Plaintiff's Claim</u>

Plaintiff Henry Watkins Skinner ("Plaintiff") continues to disguise his action as though it is completely independent of the prior state court actions. However, as stated in Defendant's Motion to Dismiss and Supporting Brief ("Defendant's Motion"), Plaintiff is simply improperly attempting to collaterally attack state court judgments through his action in this Court. When a "complaint is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack-in the guise of a federal civil rights action-the validity of a state court [judgment]," it is barred by the *Rooker-Feldman* doctrine. *Jordaan v. Hall*, 275 F.Supp.2d 778, 789 (N.D. Tex. 2003) (Fish, C.J.) (mem.) (citations omitted).

Plaintiff submits that there are four requirements for when the Court may apply the *Rooker-Feldman* doctrine. *Plaintiff's Response to Defendant's Motion to Dismiss ("Response"),*

*ECF Doc. No. 31, p. 3.* Plaintiff concedes that the first and fourth requirements of the *Rooker-Feldman* doctrine under *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) have been met in this case. *Response, ECF Doc. No. 31, p. 3.* Plaintiff takes issue with the second and third requirements—the plaintiff must complain of injuries caused by the state court judgment and the plaintiff must invite district court review and rejection of that judgment. *Id.*; *Exxon Mobil*, 544 U.S. at 284. Importantly, a plaintiff does not have to explicitly seek review of a state court decision for his action to be barred by the doctrine. *Jordaan*, 275 F. Supp. at 788.

The Sixth Circuit recently—post *Dotson*—had an opportunity to review a case substantially similar to the case before this Court. *In re Smith*, No. 07-1220, 2009 WL 3049202 (6th Cir. Sept. 24, 2009) involved an individual ("Smith") that was found guilty of several crimes and filed a petition for post-conviction DNA testing in state court pursuant to a state post-conviction statute.[1] The state trial court denied Smith's motion and he did not appeal the denial. Instead, Smith filed suit in federal district court pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated by the defendants'[2] refusal to order DNA testing; and he sought injunctive relief directing the state officials to conduct DNA testing. The Sixth Circuit stated that:

> The gravamen of Smith's § 1983 complaint, then, is that Defendants' [sic] violated his constitutional rights by denying the statutory DNA testing. Thus, the 'source of the injury' in this case is the state trial court order that denied Smith access to DNA testing. That is, by complaining that the state trial court wrongfully denied him the DNA evidence because rejection of his petition was improper-but not complaining that the statute itself is flawed-Smith is 'complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment,' which is clearly barred by *Rooker-Feldman*.

*Id.* at *3 (citations and footnote omitted).

---

[1] Defendant recognizes that this Court is not bound by decisions of the Sixth Circuit, but cites *In re Smith* because of its extreme similarity with respect to the *Rooker-Feldman* doctrine issue in this case.
[2] The defendants included a county prosecutor and a county judge.

The court offered several additional reasons Smith's civil rights claim failed even if Smith's civil rights claim presented an independent basis for the exercise of federal court review. *Id.* at *4. The Sixth Circuit also analyzed the Second Circuit's decision in *McKithen v. Brown*, 481 F.3d 89 (2d. Cir. 2007)—which Plaintiff relies on heavily in his Response. The Sixth Circuit disagreed with the decision in *McKithen* and determined that the injury in *McKithen*, and the injury in *In re Smith*, did not exist until the state prisoner was denied the requested DNA testing by the state court under the applicable state statutes. *In re Smith*, 2009 WL 3049202, at *5 (citation omitted).[3]

Plaintiff was denied access to evidence for DNA testing twice in the state district court and the denials were upheld in the Texas Court of Criminal Appeals. *Skinner v. State*, 293 S.W.3d 196 (Tex. Crim. App. 2009); *Skinner v. State*, 122 S.W.3d 808 (Tex. Crim. App. 2003). Plaintiff now complains about these denials in this Court. This Court should therefore reach the same conclusion reached in *In re Smith* and rule that Plaintiff's action is barred by the *Rooker-Feldman* doctrine.

II.     Res Judicata Bars Plaintiff's Claim

Plaintiff puts forth four elements that must be met for a claim to be barred by res judicata: (1) that the prior judgment was rendered by a court of competent jurisdiction; (2) that there was a final judgment on the merits; (3) that the parties, or those in privity with them, are identical in both suits; and (4) that the same cause of action is involved in both suits. *Sutherland v. Cobern*, 843 S.W.2d 127, 130 (Tex. App.—Texarkana 1992, writ denied). Plaintiff concedes that the first

---

[3] The Sixth Circuit also stated that the conclusion the Second Circuit reached in *McKithen* was inconsistent with its decision in *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77 (2d Cir. 2005)—which Plaintiff also relies on in his Response. *Smith*, 2009 WL 3049202, at *5 n.3.

three elements are met in this case, but takes issue with the fourth.[4] *Response, ECF Doc. No. 31, p. 10.*

Plaintiff argues that his action is not barred by res judicata because his previous actions and his § 1983 action are not based on the same nucleus of operative facts. *Id.* at 10-11. Plaintiff attempts to differentiate his current action and his previous actions by claiming that "Plaintiff's complaint outlines many details of the facts related to Mr. Skinner's pre-trial, trial, and post-conviction proceedings in order to provide this Court with sufficient context . . . ." *Id.* at 11. However, "res judicata bars all claims arising out of the same subject matter of a previous action and which, through the exercise of diligence, could have been litigated in that action." *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 2004 WL 2278770, at *8 (S.D. Tex. 2004) (citations omitted); *Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773, 776 (5th Cir. 1984); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992).

Texas follows the transactional approach to res judicata. *Resolution Trust*, 837 S.W.2d at 631. In determining whether the actions arose out of a single transaction, weight should be given to such considerations as whether the facts are related in time, space, origin, or motivation and whether they form a convenient unit for trial. *Id.*; *Getty Oil v. Insurance Co. of N. America*, 845 S.W.2d 794, 799 (Tex. 1992).

The 31st District Court denied Plaintiff's first motion for DNA testing and the Court of Criminal Appeals affirmed the decision. *Skinner v. State*, 122 S.W.3d 808 (Tex. Crim. App. 2003). The 31st District Court also denied Plaintiff's second motion for DNA testing and the Court of Criminal Appeals affirmed the decision. *Skinner v. State*, 293 S.W.3d 196 (Tex. Crim.

---

[4] Plaintiff contends that the Texas Court of Criminal Appeals' decision on Plaintiff's second Article 64 motion was not a judgment on the merits. *Response, ECF Doc. No. 31, p. 10.* The Court of Criminal Appeals, however, found it unnecessary to address all of the reasons the trial court denied Plaintiff's second motion. *Skinner v. State*, 293 S.W.3d 196, 200 (Tex. Crim. App. 2009).

App. 2009). It does not appear that Plaintiff raised an argument in his second motion that denial of his first motion was a violation of any alleged constitutional rights. Rather, Plaintiff's bases for his second motion were apparently on the grounds that testing was required due to a new legal development in the Court of Criminal Appeals and because of new factual developments in connection with Plaintiff's federal habeas proceedings. *Skinner*, 293 S.W.3d at 199; *Plaintiff's Complaint, ECF Doc. No. 1, p. 11, ¶28*. Plaintiff could have, with due diligence, asserted an as applied constitutional challenge in his second motion, but failed to do so. Importantly, "[a]n as applied constitutional challenge to a statute is waived if it is not asserted at the trial court level." *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citing *see Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990)).

Plaintiff also ignores the fact that he has already sought additional DNA testing in this Court as well. In connection with his federal habeas petition, Plaintiff "filed a motion contending that [additional] DNA testing was necessary in order for Plaintiff to prove that he had been prejudiced by his counsel's failure to ask for the testing prior to trial." *Plaintiff's Complaint, ECF Doc. No. 1, p. 10, ¶ 26*. On May 18, 2004, United States Magistrate Judge Averitte denied the request for additional DNA testing. *Id.* On August 15, 2005, Plaintiff renewed his motion for additional DNA testing; and Magistrate Judge Averitte again denied the motion on October 4, 2005. *Id.*

Plaintiff has sought the same relief he seeks in this action—to obtain evidence for post-conviction DNA testing—through multiple actions in state and federal court. Plaintiff has failed each time. Plaintiff's action is therefore barred on res judicata grounds.

III.    <u>The Fifth Circuit is not Alone in Continuing to Determine that a § 1983 Action is not Cognizable to Obtain Evidence for Post-Conviction DNA Testing</u>

Plaintiff's position in this Court appears to be that post-*Dotson*, every other Circuit Court of Appeals other than the Fifth Circuit is entertaining convicted prisoners' § 1983 actions to challenge a state court's denial of access to evidence for post-conviction DNA testing. *Response, ECF Doc. No. 31, p. 17.* This is simply incorrect. Despite Plaintiff's position, several Circuit Courts of Appeal and federal district courts have concluded that convicted prisoners do not have a cognizable claim under § 1983 to obtain evidence for the purpose of post-conviction DNA testing.

The Third Circuit—post *Dotson*—recently rejected a state inmate's § 1983 action that alleged that the state's denial of post-conviction DNA testing violated his right to due process and constituted cruel and unusual punishment. *Young v. Philadelphia County Dist. Attorney's Office*, No. 09-1668, 2009 WL 2445084 (3d Cir. Aug. 11, 2009). The Third Circuit relied on *District Attorney's Office for the Third Judicial Dist. v. Osborne*, --- U.S. ----, 129 S.Ct. 2308 (2009) in determining that it did not even need to decide whether the inmate could bring a § 1983 action to challenge Pennsylvania's refusal to allow post-conviction DNA testing because the Supreme Court rejected such an argument in *Osborne*. *Young*, 2009 WL 2445084, at *2.

The Tenth Circuit—post *Dotson*—held that a state inmate ("McDaniel") had no due process right to obtain post-conviction access to biological evidence for DNA testing. *McDaniel v. Suthers*, No. 08-1400, 2009 WL 1784000 (10th Cir. June 24, 2009). Before his trial, McDaniel elected not to have DNA testing performed on certain evidence, although the prosecution performed DNA testing on other crime scene evidence. McDaniel's defense attorney argued at trial that the existence of the untested evidence raised a reasonable doubt of

McDaniel's guilt—this is very similar to the defense strategy used by Plaintiff's counsel at his trial. Despite the strategy, McDaniel was found guilty.

McDaniel sought DNA testing of the additional evidence through a series of motions and applications in state and federal court, but failed each time. His assertion in his § 1983 action was that the Colorado Attorney General and the County District Attorney violated his federal due process rights by opposing his efforts to obtain the evidence he sought for testing. The federal district court determined that McDaniel was not entitled to § 1983 relief under either a substantive or procedural due process theory. The Tenth Circuit affirmed the district court's decision and cited to *Osborne* for the proposition that the United States Supreme Court has recently determined "that there is no 'right under the Due Process Clause to obtain postconviction access to the State's evidence for DNA testing.'" *Id.* at *2 (citing *Osborne*, 129 S.Ct. at 2316).

The United States District Court for the Eastern District of Michigan—post *Dotson*—continued to follow precedent established by the Sixth Circuit when it stated that a state prisoner does not have a cognizable claim under § 1983 to obtain evidence for the purpose of post-conviction DNA testing. *Smith v. Worthy*, Civil No. 4:07-10243, 2007 WL 295007 (E.D. Mich. Jan. 29, 2007) (citing *see Boyle v. Mayer*, 46 Fed. App'x 340, 341 (6th Cir. 2002); *see generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

Therefore, Plaintiff's assertion that *Kutzner v. Montgomery County*, 303 F.3d 339 (5th Cir. 2002) is out of step with prevailing law post-*Dotson* is untenable.

Prayer

WHEREFORE, Defendant Switzer prays that this Court grant her Motion to Dismiss, dismiss all of Plaintiff's claims against her, award Defendant her attorneys' fees, and order such other and further relief as the Court deems just and necessary.

Respectfully submitted,

SPROUSE SHRADER SMITH P.C.
Mark D. White, Texas State Bar No. 21317900
Lee Ann Reno, Texas State Bar No. 00791509
701 S. Taylor, Suite 500 (79101)
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 fax

/s/ Mark D. White
Mark D. White

**ATTORNEYS FOR DEFENDANT**

DEFENDANT'S MOTION TO DISMISS                                         PAGE 8 OF 9

## CERTIFICATE OF SERVICE

       I hereby certify that on January 11, 2010, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept service of this document by electronic means. The following attorneys will be notified of the filing of this document as follows:

**Attorneys for Plaintiff:**

Robert C. Owen
OWEN & ROUNDTREE, L.L.P.
P.O. Box 40428
Austin, Texas 78704

Douglas G. Robinson
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111

Maria Cruz Melendez
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522


                                                  /s/ Mark D. White
                                                  Mark D. White

566273_1.DOCX 7158.1