

FILED

JANUARY 15, 2010
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HENRY WATKINS SKINNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | 2:09-CV-0281 |
| | § | |
| LYNN SWITZER, | § | |
| District Attorney, | § | |
| 31st Judicial District of Texas, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## TO GRANT DEFENDANT'S MOTION TO DISMISS AND
## TO DISMISS § 1983 COMPLAINT

Before the Court is plaintiff's complaint, alleging a cause of action under Title 42 U.S.C. § 1983 and asserting that defendant's refusal to allow him access to biological evidence for purposes of forensic DNA testing violates his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. For the reasons set forth, the undersigned recommends to the United States District Judge that defendant's motion to dismiss be GRANTED and that plaintiff's complaint be DISMISSED.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, defendant, and the Court of Criminal Appeals have adequately set forth the procedural background of this case. *See Skinner v. State*, 956 S.W.2d 532 (Tex. Crim. App. 1997);

(*Complaint*, document #1, cause 2:09-CV-281, filed by plaintiff on Nov. 27, 2009; *Motion to Dismiss*, document #28, cause 2:09-CV-281, filed by defendant on Dec. 29, 2009). For the purposes of these findings, conclusions, and recommendation, however, the following summation is provided.

Plaintiff Henry Skinner was convicted in the 31st District Court of Gray County, Texas, of the offense of capital murder as a result of his having committed multiple murders during one criminal episode. The jury sentenced plaintiff to death. He is currently scheduled to be executed by the State of Texas on February 24, 2010.

Because of procedural issues not relevant to this § 1983 proceeding, the merits of Skinner's state habeas claims were never addressed during state habeas corpus proceedings. Skinner did present claims in a federal habeas corpus action filed in this Court, which resulted in a determination that his conviction and death sentence were constitutional and federal habeas corpus relief was denied. *See Skinner v. Dretke*, cause 2:99-CV-45 (judgment issued Feb. 22, 2007). The Fifth Circuit Court of Appeals affirmed this Court's denial of federal habeas corpus relief. *See Skinner v. Quarterman*, 576 F.3d 214 (5th Cir. 2009). Plaintiff filed a petition for a writ of certiorari in the case on November 23, 2009, which is pending before the Supreme Court.

By this lawsuit, plaintiff seeks, for purposes of conducting DNA testing, access to biological evidence recovered from the scene of the murders and never before tested. Although the evidence has not been previously tested, it is not newly discovered evidence, but was available to plaintiff at the time of trial. Plaintiff does not contend the results of any DNA testing would in fact be exculpatory, but contends the results might be exculpatory. In seeking this evidence post-conviction, plaintiff filed two motions in Texas courts, in 2001 and in 2007, for DNA evidence pursuant to Article 64.01 of the Texas Code of Criminal Procedure. The state trial court denied both

of those motions, and the Texas Court of Criminal Appeals (CCA) affirmed both denials.   *See Skinner v. State*, 293 S.W.3d 196 (Tex. Crim. App. 2009); *Skinner v. State*, 122 S.W.3d 808 (Tex. Crim. App. 2003).  Plaintiff did not seek relief from either of the CCA's denials of the Article 64.01 motions by petitioning the United States Supreme Court for a writ of certiorari.

II.
THE ALLEGATIONS

By his complaint, plaintiff asks the Court to require defendant to release certain items of biological evidence for DNA testing.  Plaintiff alleges he is entitled to obtain certain biological evidence, which he lists with specificity, for DNA testing and that the withholding of the evidence violates his due process rights under the Fourteenth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment to the United State Constitution.  Less than one month after filing his complaint and motion for preliminary injunction, plaintiff filed a Notice of Recent Relevant Authority, in which he acknowledged relevant Fifth Circuit caselaw that appears to require this Court to dismiss plaintiff's complaint for failing to raise a cognizable § 1983 claim. (*Plaintiff's Notice of Recent Relevant Authority*, document # 23, cause 2:09-CV-281, filed by plaintiff on December 22, 2009).  By his Notice, plaintiff suggests the Court dismiss the case pursuant to the screening provisions of the Prison Litigation Reform Act.

In response to the complaint, defendant has filed a motion to dismiss, urging four grounds for dismissal:

1.    The Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine to rule on plaintiff's claims and should therefore dismiss the complaint under rule 12(b)(1) of the Federal Rules of Civil Procedure;

2.    The Court is bound by *Heck v. Humphrey*, 512 U.S. 475, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) as interpreted in *Kutzner v. Montgomery County*, 303 F.3d 339 (5th

Cir. 2002) and should therefore dismiss the complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure;

3.       Plaintiff's complaint presents claims that are essentially identical to several prior claims decided against plaintiff at the state and federal levels and should therefore be dismissed pursuant to 28 U.S.C. § 1738; and

4.       The complaint is in essence an improper, successive petition for habeas corpus relief and should therefore be dismissed pursuant to 28 U.S.C. § 2244(b)(3-4).

III.
JURISDICTION

Notwithstanding plaintiff's notice of Recent Relevant Authority, this Court must, prior to discussing the merits of the case, determine if it has jurisdiction. *Lance v .Coffman*, 549 U.S. 437, 438, 127 S. Ct. 1194, 1196, 167 L. Ed. 2d 29 (2007). Defendant contends the *Rooker-Feldman* doctrine precludes this Court from obtaining jurisdiction over this case. That doctrine bars federal district courts from exercising "appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme] Court." *Verizon Md., Inc. v Pub. Serv. Com'n of Md.*, 535 U.S. 635, 644 n. 3, 122 S. Ct. 1753, 1759, 152 L. Ed. 2d 871 (2002). The Court clarified the scope of the doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). In that case, the Court established "[t]he *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284, 125 S. Ct. at 1521-22.

Research has not uncovered any Fifth Circuit guidance directly on point. The Second Circuit, however, has discussed *Rooker-Feldman* in the context of a case where a prisoner sought access to DNA evidence via a § 1983 claim. *See McKithen v. Brown* 481 F.3d 89 (2d Cir 2007).

In that case, the court, relying on *Exxon*, determined the state-court decision denying plaintiff access to DNA evidence did not *cause* injury to constitutional rights. *Id*. at 98. Rather, the injury existed before the state court entered its judgment and was "simply ratified, acquiesced in, or left unpunished by the state court." *Id.* (internal quotation omitted).

The Sixth Circuit, however, in evaluating a factually similar situation, reached a different conclusion. In *In re Smith*, an unpublished decision, the court, likewise relying on *Exxon*, held a § 1983 plaintiff was barred by the *Rooker-Feldman* doctrine from seeking DNA evidence. No. 07-1220, 2009 WL 3049202 at * 3 (6th Cir. Sept. 24, 2009). The plaintiff in *In re Smith* complained the *state trial court* incorrectly denied his motions for access to DNA evidence. *Id.* The Sixth Circuit concluded this was a complaint of an injury caused by the state-court judgment and which sought review and rejection of that judgment, and, as such, was barred by *Rooker-Feldman*. *Id.*

Plaintiff's claims for relief are limited to those asserted in his complaint and the only causes of action asserted in his complaint are that defendant Switzer violated his Fourteenth and Eighth Amendment rights. The issue is made more difficult, however, because it is not clear from plaintiff's pleadings whether he is attempting to assert other claims. It may be that plaintiff is attempting to assert at least two different theories of relief: (1) that defendant's actions violated his constitutional rights (as contained in his complaint) and (2) that the state court's actions in applying the state DNA testing statute violated his constitutional rights (not asserted in his complaint). The first of these claims is similar to those in *McKithen*, while the second is more similar to those in *In re Smith*. As such, the first of these claims is not barred by the *Rooker-Feldman* doctrine, but the second, if in fact it is being asserted, very well may be barred.

A.  Issues Not Precluded by the *Rooker-Feldman* Doctrine

"A claim which is not raised in the complaint . . . is not properly before the court." *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005).  Thus, the Court's analysis must begin with and is determined by the particular causes of action plaintiff brings in his complaint.  In his complaint, plaintiff identified two causes of action, *i.e.*, that defendant deprived plaintiff of (1) his right to due process of law under the Fourteenth Amendment and (2) his right to be free from cruel and unusual punishment under the Eighth Amendment.  (*Complaint*, document #1, ¶¶ 33, 35, cause 2:09-CV-281, filed by plaintiff on Nov. 27, 2009).  Critically, plaintiff's *complaint* does not challenge the constitutionality of Article 64 of the Texas Code of Criminal Procedure nor does it ask this Court to review the application of Article 64 by the CCA's judgments denying him access to the DNA evidence. While plaintiff does, in various other pleadings, complain about the decisions of the CCA, he has not set out a specific cause of action challenging those decisions, as discussed in detail *infra*.[1]

Any injuries caused by defendant's refusal to release DNA evidence predate and are not caused by the CCA's decisions to not grant plaintiff access to the biological evidence.  As in the *McKithen* case, the state-court decision denying plaintiff access to the evidence did not, in fact, *cause* the injury of which plaintiff initially complains.  *See McKithen*, 481 F.3d at 98.  Moreover, plaintiff affirmatively disclaims he is claiming any injury caused by the state court judgment.  (*See*

---

[1]  In fact, plaintiff, at page 3 of plaintiff's response to defendant's motion to dismiss, he affirmatively states that he does not complain of injuries caused by any state court judgment. (*Plaintiff's Response to Defendant's Motion to Dismiss*, pg. 3, document #37, cause 2:09-CV-281, filed by plaintiff on January 6, 2010).  At page 4, plaintiff against reiterates that the injury of which he complains, that is, the refusal of the defendant district attorney to provide access to DNA evidence, existed prior to the state court proceedings and, therefore, his injury could not have been caused by those proceedings.  (*Id.*, pg. 4).  At page 6 of his response, plaintiff states that he "in no way" requests this Court to review or reject any state court judgments and further states that whether the state court judgments are valid or invalid, his constitutionally protected rights were violated by defendant's refusal to provide access to the requested evidence.  (*Id.*, pg. 6).

plaintiff's response to defendant's motion to dismiss).  Because plaintiff is not "complaining of injuries caused by [the] state-court judgment[]" and does not seek review of those judgments, review of the claims for relief set out in the complaint is not barred by *Rooker-Feldman*.  *See Exxon Mobil Corp.*, 544 U.S. at 284, 125 S. Ct. at 1521-22.

### B.  Issues Likely Precluded by the *Rooker-Feldman* Doctrine

Ordinarily, the Court would not address claims which the plaintiff has not properly pled.  As set forth above, the undersigned finds plaintiff to only have alleged those causes of action set out at paragraphs VII and VIII of his complaint.   Since these findings, conclusions, and recommendations will be subject to review by the District Judge, the undersigned has included a review of the additional arguments plaintiff has set out in his pleadings even though such claims were not identified as specific claims for relief.  The reasoning in *In re Smith* would seem to apply to the arguments plaintiff makes that the state court's actions in applying the state DNA testing statute violated his constitutional rights.  In his Response to Defendant's Motion to Dismiss, plaintiff contends Article 64 of the Texas Code of Criminal Procedure is unconstitutional *as applied* to his case.  (*Plaintiff's Response to Defendant's Motion to Dismiss*, pgs. 9, 13, document #37, cause 2:09-CV-281, filed by plaintiff on January 6, 2010).  These allegations appear to directly challenge the state court action, and by making them, plaintiff includes an argument that the *Texas Court of Criminal Appeals* violated his due process rights by incorrectly applying the state statute.  By directly pointing to a state court's actions as a source of injury, and by asking the Court to review such state court actions, plaintiff raises claims likely barred by *Rooker-Feldman*.  *See Exxon Mobil Corp.*, 544 U.S. at 284, 125 S. Ct. at 1521-22.   If the CCA did indeed incorrectly and unconstitutionally apply Article 64 of the Texas Code of Criminal Procedure, the proper relief for

plaintiff would have been to appeal the judgment directly to the United States Supreme Court.

Those claims, however, are not further addressed because plaintiff has not raised them as a claim for relief and has not sought to amend his complaint to assert them.  For purposes of this Report and Recommendation, the undersigned finds no such claims to be asserted.  *See Cutrera*, 426 F.3d at 113.

The undersigned also finds that paragraph 31 of the complaint, in which plaintiff states "[a]s a result of the decisions of the CCA denying Plaintiff post-conviction DNA testing under Art. 64, the Defendant has refused and continues to refuse to make available to Plaintiff any DNA material for testing," not to state an additional cause of action or claim for relief.  (*Complaint*, document #1, ¶ 31, cause 2:09-CV-281, filed by plaintiff on Nov. 27, 2009).  The Court notes this paragraph is not under the paragraphs plaintiff identifies in his complaint as claims for relief.  (Paragraphs VII and VIII).  Moreover, paragraph 31 appears merely to be a chronological statement that defendant has continually refused to release this evidence both before and following the CCA's denial of plaintiff's Article 64 motions.  To the extent plaintiff contends otherwise, the Court does not believe this singular, vague statement can properly be read as directly challenging the CCA's decisions because if it were so read, plaintiff would be taking mutually exclusive positions, i.e. as set forth in footnote 1, plaintiff, in response to the motion to dismiss, affirmatively states the injury of which he complains existed prior to any state court decision and that he does not complain of injuries caused by a state court judgment.

Consequently, if the undersigned is correct in the determination of the claims presented, no *Rooker-Feldman* bar is present.  If, however, the undersigned is incorrect and plaintiff is asserting any additional claims that the application of Article 64 by the CCA deprived him of due process,

then it would appear he is complaining of an injury caused by the state court judgment and defendant's motion to dismiss based upon the *Rooker-Feldman* doctrine has considerable merit and the issue would have to be revisited.  At this stage, plaintiff has not formally asserted these other claims in his complaint as causes of action and the Court will not further address plaintiff's contention regarding the improper application of Article 64 by the Texas courts.

IV.
Application of *Kutzner*

Defendant next contends plaintiff fails to state a claim upon which relief may be granted. Citing the *Kutzner* decision, issued by the Fifth Circuit in 2002, defendant contends plaintiff's claims are not cognizable under § 1983 and must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff agrees the *Kutzner* decision is binding upon this Court.  (*Plaintiff's Notice of Recent Relevant Authority*, document # 23, cause 2:09-CV-281, filed by plaintiff on December 22, 2009).

In *Heck v. Humphrey*, the Supreme Court emphasized that a petition for a writ of habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement.  512 U.S. 481, 114 S. Ct. at 2369.  In evaluating § 1983 suits, the Court instructed district courts to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; it if would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.* at 487, 114 S. Ct. at 2372.

Thereafter, the Fifth Circuit evaluated a § 1983 claim seeking to compel the production of biological evidence for DNA testing.  *See Kutzner*, 303 F.3d at 340.  In that case, the plaintiff contended that state officials refused to release biological evidence for DNA testing and thereby

prevented him "from gaining access to exculpatory evidence which could exclude him as a perpetrator" of the offense for which he was convicted. *Id*. at 340. Applying *Heck*, the court held such a claim was not cognizable in a § 1983 action. Rather, the court pointed to 28 U.S.C. § 2254 as the proper statute for bringing such a claim:

> claims seeking to attack the fact or duration of confinement, as well as claims which are "so intertwined" with attacks on confinement that their success would "necessarily imply" revocation or modification of confinement, must be brought as habeas corpus petitions and not under § 1983. *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir. 2002). Under *Martinez*, a prisoner's request for DNA testing of evidence relevant to his prior conviction is "so intertwined" with the merits of the conviction as to require habeas corpus treatment.

*Id*. at 341.

Three years after the *Kutzner* opinion, the Supreme Court issued *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005). In that case, the Court evaluated its caselaw regarding the difference between claims cognizable under § 1983 and claims cognizable in habeas corpus.

The *Dotson* court found the § 1983 action, involving parole proceedings, should be allowed to proceed as a § 1983 action. *See id*. Although *Dotson* did not involve a request for evidence for DNA testing, circuit court of appeals have interpreted the language in *Dotson* to allow a prisoner to bring a claim for biological evidence for DNA testing as a § 1983 claim, as opposed to the Fifth Circuit's approach requiring a prisoner to bring such a claim as a habeas corpus petition. *See McKithen v. Brown*, 481 F.3d 89, 103 (2d Cir. 2007) (holding "even if success for the plaintiff might well make it *more likely* that the plaintiff, in a subsequent proceeding, may eventually be able to make a showing that his conviction was unlawful and even if a plaintiff's ultimate motive is to challenge his conviction[,] a post-conviction claim for access to evidence is cognizable under

§ 1983" (internal citations omitted)); *Savory v. Lyons*, 469 F.3d 667 (7th Cir. 2006); *Osborne v. District Attorney's Office*, 423 F.3d 1050 (9th Cir. 2005), *rev'd on other grounds*, 129 S. Ct. 2308 (2009). Additionally, the Eleventh Circuit's position, established before *Dotson* was issued, is in agreement with that taken by the Second, Seventh, and Ninth Circuits. *See Bradley v. Pryor*, 305 F.3d 1287, 1292 (11th Cir. 2002) (holding a request for post-conviction DNA evidence may be brought under § 1983 because if a prisoner were successful in such a suit, "the conviction and sentence will not be called into question, since the only thing [the prisoner] will have secured is access to evidence").[2]

The Fifth Circuit has not ever discussed the *Dotson* decision in the context of its application to post-conviction requests for DNA evidence. It has, however, cited the *Kutzner* case after *Dotson* was decided in a case involving a post-conviction request for DNA evidence—indicating *Kutzner* remains the law in this circuit. *See Richards v. District Attorney's Office*, No. 09-10144, 2009 WL 4716025 at *2 (5th Cir. Dec. 10, 2009). Even were this Court to question the validity of *Kutzner* after *Dotson*, it recognizes that only the Fifth Circuit may overrule its own law, and even though there is an intervening Supreme Court decision in this case, there is also a latter Fifth Circuit decision. *See United States v. Short*, 181 F.3d 620, 623-24 (5th Cir. 1999) (noting that panels on the Fifth Circuit are bound by the precedent of previous panels).

Based upon the foregoing, there is no reason not to apply *Kutzner*. In considering whether *Kutzner* applies, the undersigned notes that the Supreme Court expressly left the *Heck* issue open

---

[2] In her Reply Brief in support of her motion to dismiss, defendant contends other courts appear to have sided, post-*Dotson*, with the Fifth Circuit's position in *Kutzner*. The cases cited by defendant, however, fail to discuss how post-conviction requests for DNA evidence should be brought (under 42 U.S.C. § 1983 or 28 U.S.C. §2254), which is the issue at the heart of *Kutzner*. *See Young v. Philadelphia County Dist. Attorney's Office*, no. 09-1668, 2009 WL 2445084 (3d Cir. Aug. 11, 2009) ("[Plaintiff] notes the circuit split over whether requests for post-conviction DNA testing are properly brought under § 1983 or in habeas proceedings. We have not yet answered this question, nor need we do so today."); *McDaniel v. Suthers*, No. 08-1400, 2009 WL 1784000 (10th Cir. June 24, 2009) (discussing the merits of a post-conviction request for DNA evidence brought in a § 1983 suit).

when it decided *Osborne*, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009).  In fact, the Supreme Court, while acknowledging that the Courts of Appeals had applied *Dotson* to allow § 1983 DNA lawsuits, specifically declined to address the issue of *Heck v. Humphrey*.  It now appears the Fifth Circuit will address the viability of *Kutzner* in light of *Dotson* and *Osborne*.  (*See Plaintiff's Notice of Recent Relevant Authority*, document # 23, cause 2:09-CV-281, filed by plaintiff on December 22, 2009).

This Court must follow the law established in *Kutzner* and hold that plaintiff Skinner's § 1983 claims are cognizable only in habeas corpus.  *See Kutzner*, 303 F.3d at 341.  As such, plaintiff fails to state a claim in his § 1983 complaint upon which relief may be granted and his complaint should be dismissed on such grounds.[3]  Because the Court recommends the dismissal of the case for failure to state a claim upon which relief may be granted, it foregoes further discussion of other grounds for dismissal at this time.

Although the Court declines further discussion of other grounds for dismissal urged by the defendant, there are two issues which the undersigned identifies in the event the District Judge finds them to be cognizable.  First, there is no freestanding substantive due process right to DNA evidence.  *Osborne*, 129 S.Ct. at 2322-23.  Were the District Judge to find *Kutzner* did not bar this lawsuit, then that issue would be presented as to any consideration of the merits.

Second, defendant's *res judicata* arguments have not been addressed.  If the undersigned is correct in the determination that plaintiff's claims are limited to those identified in his complaint, then neither *res judicata* nor *Rooker-Feldman* bar the consideration of the case.  If, however, plaintiff is in fact asserting the additional claims as discussed in section III of this Report and

---

[3]  Plaintiff contends the Court should dismiss this case under 28 U.S.C. § 1915A, which requires a court to dismiss a case if, upon initial screening, the case fails to state a claim upon which relief may be granted.  This case, however, in which defendant has filed responsive pleadings, plaintiff has answered such pleadings, and defendant has filed responses to plaintiff's answer, is clearly far beyond the screening stage, making § 1915A no longer applicable.

Recommendation, *res judicata* would be an issue.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the 42 U.S.C. § 1983 filed by plaintiff HENRY WATKINS SKINNER be DISMISSED for failure to state a claim upon which relief may be granted and that the motion to dismiss filed by defendant LYNN SWITZER be GRANTED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 15th day of January, 2010.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). Plaintiff has requested the Court expedite its ruling in this case. If plaintiff wishes to file objections prior to the deadline, plaintiff should indicate no additional objections will be filed.

Any such objections shall be made in a written pleading entitled "Objections to the Report

and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).