## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **HENRY WATKINS SKINNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **2:09-CV-00281** |
| | ) | |
| **LYNN SWITZER, District Attorney** | ) | |
| **for the 31st Judicial District** | ) | |
| **of Texas,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO DISMISS
### AND IN RESPONSE TO COURT'S BRIEFING ORDER OF JULY 9, 2012

Plaintiff HENRY WATKINS SKINNER, by counsel, submits this brief in support of his Motion to Dismiss and in response to the Court's order of July 9, 2012, which directed Mr. Skinner to address whether his claims for relief have become moot as a result of developments in state court, and "what course of action . . . is appropriate for the Court to take." *See* Briefing Order (Dkt. 105) at 2.

### DISCUSSION

Mr. Skinner's claims for relief in this action under 42 U.S.C. § 1983 challenge the denial by the Defendant of forensic DNA testing of certain biological evidence in her possession or under her control. In both 2001 and 2007, Mr. Skinner sought such testing through motions filed under Chapter 64 of the Texas Code of Criminal Procedure. Both motions were ultimately rejected by the Court of Criminal Appeals ("CCA"), in decisions issued in 2003 and 2009, respectively. *See Skinner v. State* 122 S.W.3d 808 (Tex. Crim. App. 2003); *Skinner v. State*, 293 S.W.3d 196 (Tex. Crim. App. 2009). In September 2011, after the Supreme Court ruled that Mr.

Skinner could challenge in the present suit the constitutionality of the CCA's authoritative interpretation of state law in the 2003 and 2009 decisions, and after the effective date of an amendment to Chapter 64 that removed the legal basis for the CCA's 2009 decision, Mr. Skinner filed a third motion for forensic DNA testing in state court.  In November 2011, this Court stayed proceedings in this case pending the outcome of that state-court litigation.  Order Adopting Report and Staying Case (Dkt. 97).

Mr. Skinner's third motion for DNA testing was initially denied by the 31st District Court of Gray County, shortly before his then-scheduled execution date in early November 2011. The Court of Criminal Appeals then stayed Mr. Skinner's execution to hear his appeal of that decision.  The appeal was briefed, and argument was heard in the CCA on May 2, 2012.

Shortly after oral argument, the State of Texas informed Mr. Skinner's counsel that it was withdrawing its objections to Mr. Skinner's request for DNA testing.  The parties then negotiated an agreed order (the "Agreed Order") by the 31st District Court of Gray County that would provide, *inter alia*, for DNA testing on all the items Mr. Skinner had sought to have tested, as well as on a number of items the State sought to have tested.  They so advised the CCA, which on June 20 dismissed Mr. Skinner's appeal "with the understanding that the parties will file with the trial court their agreed Chapter 64 motion to engage in forensic testing."  *Skinner v. State,* No. AP-76-675, 2012 WL 2343616, at*1 (Tex. Crim. App. June 20, 2012).  The Agreed Order was entered by the 31st District Court of Gray County on June 25, 2012, and DNA testing is about to commence under it.

Mr. Skinner has previously advised this Court of his view that if the CCA should determine in the state court proceedings that neither of its prior decisions in Mr. Skinner's case (from 2003 and 2009) had any continuing force or effect, then this case would be moot.  *See* Plf.

2

Henry W. Skinner's Suppl. Br. in Resp. to Court's Order of October 6, 2011 (Dkt. 89) at 5-6 ("if the 2009 CCA decision denying DNA testing supersede[d] the 2003 CCA decision denying DNA testing, the Legislature's removal of the 'no-fault' provision from Article 64," which effectively overturned the CCA's 2009 decision, "should render the present action moot"). The recent developments described above have effectively rendered both the 2003 and 2009 CCA decisions of no continuing force and effect in Mr. Skinner's case. The CCA's June 20, 2012 order plainly rested on the assumption that nothing in current state law precluded the trial court from entering an order under Chapter 64 authorizing the DNA testing requested by Mr. Skinner. Furthermore, the Agreed Order entered by the trial court effectively provides Mr. Skinner with all the relief he was seeking in the present action.

Under these circumstances, it is Mr. Skinner's view that the present action is now moot.

## CONCLUSION

For the foregoing reasons, Mr. Skinner respectfully requests that the present action be dismissed.

Respectfully submitted,

ROBERT C. OWEN
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern University Law School
375 East Chicago Avenue
Chicago, IL 60611-3069
Phone: (312) 503-1774
Fax: (312) 503- 8977
robowenlaw@gmail.com

DOUGLAS G. ROBINSON
1440 New York Avenue, N.W.

3

Washington, D.C. 20005
Phone: (202) 371-7800
Fax: (202) 371-7927
douglas.robinson@skadden.com

*Counsel for Plaintiff*

Date:  July 20, 2012

4

**CERTIFICATE OF SERVICE**

On July 20, 2012, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas Amarillo Division, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2)(E).

_____
Robert C. Owen

1041439-D.C. Server 2A - MSW